|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA | |
| 9 | | |
| 10 | THOMAS WILLIAM SINCLAIR RICHEY, | |
| 11 | | CASE NO. C14-5071 BJR-JRC |
|  | Plaintiff, | REPORT AND RECOMMENDATION |
| 12 | | |
|  | v. | NOTED FOR: JULY 11, 2014. |
| 13 | | |
|  | DONALD DEAN, SCOTT RUSSELL. | |
| 14 | | |
|  | Defendants. | |
| 15 | | |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Defendants ask the Court to dismiss this action as frivolous and impose a strike pursuant to 28 U.S.C. §1915(g). The Court recommends granting defendants' motion because a review of plaintiff's current litigation shows the Court that this action is frivolous, fails to state a claim, and seeks damages from defendants who have now raised the affirmative defense of qualified immunity (Dkt. 11).

/

FACTS

Plaintiff is a well known litigant in this Court and during the first three months of 2014 he filed six separate actions:

1. Richey v. Sullivan 14-5050BHS

2. Richey v. Dean 14-5071BJR

3. Richey v. Fleenor 14-5158RBL

4. Richey v. Warner 14-5159BHS

5. Richey v. Gonzalez 14-5236BHS

6. Richey v. Glebe 14-5268RJB

In May of 2014, the court considered *Richey v. Glebe* 14-5268RJB/KLS on screening and found that plaintiff's action challenging the amount of paper he was given by prison officials while he was in the Intensive Management Unit at the Clallam Bay Corrections Center was frivolous. *See Richey v. Glebe*, 14-5268RJB (Dkt. 7). The court in that case adopted a Report and Recommendation giving plaintiff a strike for filing a frivolous action (*id*. at Dkt. 4).

In the current case, prison officials transferred plaintiff from Clallam Bay to the Washington Corrections Center on April 17, 2013, and he left the Washington Corrections Center five days later to go another facility (Dkt. 5, p. 3). Plaintiff alleges that he asked unnamed guards at the Washington Corrections Center for pen, paper, and pencils and was told he had to order those supplies from the inmate store (Dkt. 5, p. 3, ¶ 5). Plaintiff states he could not have filled out a store order without a pen or pencil and in any event he would be transferred before the supplies were delivered (Dkt. 5, p. 3,¶ 6). Plaintiff acknowledges that pencils were available in the gym, but he alleges that he did not go there (Dkt. 5, p. 3 ¶ 7). Plaintiff also acknowledges that paper was available in the law library, but he states that he was at the facility

for such a short time that he would not have been able to get on the callout sheet for the law library unless he had a court imposed deadline (Dkt. 5, p. 3, ¶ 8).

Plaintiff alleges that for five days he was denied his First Amendment right to access the court and his right to correspond with family (Dkt. 5, p. 3, ¶ 9). Plaintiff admits that he filed a grievance over the lack of paper and exhausted the prison grievance system under grievance number 13535497 and he attaches the final level grievance response to his complaint (Dkt. 5, Exhibit 1). Plaintiff alleges defendants, who are all supervisors, are liable "for not authorizing their staff to issue writing materials to prisoners who request such supplies." (Dkt. 5, p. 4, ¶ 12).

In support of their motion to dismiss defendants supply the lower level responses to grievance number 13535497. The prison's level 1 response states that plaintiff needed to file a request slip to get supplies and that that information was in the inmate handbook available to him in his unit (Dkt. 11-1, p. 3 level 1 response). The Court considers this exhibit at the motion to dismiss stage because it was incorporated by reference in the complaint and its authenticity is not in question. *Dunn v. Castro*, 621 F.2d 1196, 1205 (9th Cir. 2010). Thus, the record shows plaintiff did not follow the proper procedures at the Washington Corrections Center for obtaining writing supplies. Further, defendants' exhibit shows that plaintiff was not candid with the Court when he stated that defendants failed to authorize staff to issue writing materials (Dkt. 5, p. 4 ¶ 12).

In his response, plaintiff identifies an action where he claims that his litigation was hindered by lack of writing paper (Dkt. 13, p. 2 identifying, C13-5231 BHS/KLS). Plaintiff alleges that he wanted to "prepare a certificate of appealability and file a motion for appointment of counsel" (*id.*). A Court takes judicial notice of its own files and will consider this case's history at the 12 (b)(6) stage. Between April 16, and April 22, of 2013, the only action from the

court in C13-5231 BHS/KLS was an order consolidating the case with another pending habeas. *See, Richey v. Obenland*, C13-5231 BHS/KLS (Dkt. 12). There would not be a deadline for filing a certificate of appeal from this order. Plaintiff also states that he wanted to file a motion for appointment of counsel, but again, he fails to show that he missed any deadline or was prevented from filing that motion. Respondent in C13-5231 BHS/KLS filed a motion to dismiss while plaintiff was in transit, but respondent's motion was not noted for consideration until May 10, 2013. Petitioner asked for and received an extension of time to file a response *See, Richey v. Obenland*, C13-5231 BHS/KLS (Dkt. 14 to 21). Thus, the file shows that plaintiff missed no deadlines in his habeas corpus action. Plaintiff fails to plead facts that show any actual injury.

Plaintiff submits an affidavit in opposition to defendants' motion to dismiss (Dkt. 13, Exhibit 1). This document is outside the pleadings and the court will not consider the affidavit at the motion to dismiss stage. Plaintiff also submits grievances he filed over one year later at the Washington State Penitentiary but again, plaintiff's document is not incorporated by reference to the complaint, is outside the pleadings, and the Court will not considered the document (Dkt. 13, Exhibit 2). Plaintiff argues that the Court in granting him in forma pauperis status screened his complaint pursuant to 28 U.S.C. §1915A and found it was not frivolous (Dkt. 13).

## STANDARD OF REVIEW

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See, Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are normally taken as admitted and the complaint is construed in plaintiff's favor. *Keniston v. Roberts*, 717

F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 545. Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Court liberally construes a pro se pleading but cannot supply facts to a complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

In order to state a claim pursuant to 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). Pursuant to 28 U.S.C. § 1915(e), the Court must dismiss an in forma pauperis complaint when said complaint is frivolous or fails to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*citing Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

## DISCUSSION

1. Access to courts.

Plaintiff alleges in conclusory fashion that his right to petition the court was hindered (Dkt. 5, p. 3, ¶ 9). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that a

1  prisoner must show some actual injury resulting from a denial of access in order to state a
2  constitutional violation. *Id.* at 349. An actual injury consists of some specific instance in which
3  an inmate was actually denied meaningful access to the courts. *Lewis*, 518 U.S. at 350–55
4  (1996). The complaint contains nothing more than an allegation unsupported by facts (Dkt. 5, p.
5  3, ¶ 9). Plaintiff attempts to cure the defect in his complaint by mentioning a case in his response
6  to the motion to dismiss. Plaintiff's raising additional facts in response to a motion to dismiss is
7  not the proper manner for curing the defect in the complaint. Plaintiff could have filed a motion
8  to file an amended complaint or he could simply have filed an amended complaint. The Court
9  did consider the case plaintiff mentions in his response. The Court determined that plaintiff fails
10 to show a denial of meaningful access to courts.
11      "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not
12 need detailed factual allegations, plaintiff's obligation to provide the grounds of his entitlement
13 to relief requires more than labels and conclusions, and a formulaic recitation of the elements of
14 a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations omitted).
15 "Factual allegations must be enough to raise a right to relief above the speculative level, on the
16 assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 545.
17 Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at
18 570. The Court liberally construes a pro se pleading but cannot supply facts to a complaint.
19 *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992). Plaintiff fails to plead facts showing any
20 violation of his First Amendment right of access to courts. The undersigned recommends
21 granting defendants' motion to dismiss on this issue and also recommends finding the issue
22 frivolous.
23 /
24

2. Correspondence with others and qualified immunity.

A. Correspondence.

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, having a right and having the Court mandate that prison officials take affirmative steps to help a prisoner exercise the right are two very different things. Plaintiff was in transit between two major facilities and without paper for a little more than five days. Plaintiff has come forward with no authority for the proposition that prison officials were required to provide him with paper for a non legal reason during this short time frame. Even if plaintiff has a right to receive paper under these facts, the contours of the right are unclear. Defendants have raised the affirmative defense of qualified immunity.

B. Qualified immunity.

Defendants raise the affirmative defense of qualified immunity in their motion to dismiss (Dkt. 11, pp. 10-11). Qualified immunity is "an affirmative defense that must be pleaded by a defendant official." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (*citing Gomez v. Toledo*, 446 U.S. 635 (1980)). A public official performing a discretionary function enjoys qualified immunity in a civil action for damages, provided his or her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted); *see also Anderson v. Creighton*, 483 U.S. 635, 638 (1987) ("whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken") (*quoting Harlow*, 457 U.S. at 818, 819); *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). Thus, qualified immunity "'provides ample protection to all

but the plainly incompetent or those who knowingly violate the law.'" *Burns v. Reed*, 500 U.S. 478, 495 (1991) (*quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The immunity is "*immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (italic in original).

The Supreme Court established a two-part test for determining whether an official is entitled to qualified immunity. The Court must determine whether the facts, taken in the light most favorable to plaintiff, demonstrate that defendant's conduct violated a federal statutory or constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). In addition, the Court must ascertain whether the federal statutory or constitutional right at issue was "clearly established" at the time of the alleged violation. *Id*. at 201. Although the U.S. Supreme Court's holding in *Saucier* required that the determination of a violation of a federal right be the initial inquiry, the Supreme Court later held "that the *Saucier* protocol should not be regarded as mandatory in all cases, [however] we continue to recognize that it is often beneficial." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

For a law to be "clearly established," it must be sufficiently clear that a reasonable official would understand that his or her action violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The right has to be more than a broad constitutional principle and the contours of the right must be established to the point that every reasonable official would have understood that what he was doing violated that right. *Reichle v. Howards* __ U.S. __, 132 S. Ct. 2088, 2093 (2012). In the absence of binding precedent, a court may look to whatever decisional law is available in order to determine whether or not the law was clearly established at the time the alleged acts occurred. *Capoeman v. Reed*, 754 F.2d 1512, 1514 (9th Cir. 1985) (citations omitted).

1    The basic principle that an inmate has a right to send and receive mail is clearly
2 established law. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Here
3 however, where the alleged need for the paper is not related to a court imposed deadline, the
4 contours of the right are not so clearly established that a reasonable prison official would know
5 that depriving an inmate of writing paper for less than a week while he was in transit could lead
6 to liability.  Additionally, defendants would not know they could be held liable where they had
7 placed information on how to obtain supplies in the inmate handbook (Dkt. 11-1, p. 3).
8    Plaintiff's response to the motion to dismiss does not address the qualified immunity
9 defense.  Plaintiff has not provided any authority supporting his claim that prison officials must
10 provide him with paper for non legal reasons.  The undersigned recommends granting
11 defendants' motion to dismiss, and recommends finding this claim frivolous in light of plaintiff's
12 failure to come forward with law to support his position.
13    3.    Equal protection.
14    Plaintiff alleges an equal protection violation because new inmates coming into the prison
15 system are allegedly provided with pen and paper on their arrival at the Washington Corrections
16 Center but inmates who are in transit between facilities are not (Dkt. 5, p. 4).
17    An equal protection claim under the civil rights act, 42 U.S.C. § 1983, requires, as a
18 necessary element, that defendants acted with the intent to discriminate.  *Barren v. Harrington*,
19 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff must demonstrate that he was "treated differently
20 [. . .] because he belonged to a protected class." Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir.
21 1995), (*citing Divers v. Department of Corr.*, 921 F.2d 191, 193 (8th Cir. 1990)).  To sustain an
22 equal protection claim under 42 U.S.C. § 1983, plaintiff needs to show purposeful
23 discrimination.  *See Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show §
24

1983 violation in absence of "intentional or purposeful discrimination"). Mere evidence of disparate impact on minorities is insufficient. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 256 (1977); *Washington v. Davis*, 426 U.S. 229, 239-40 (1976). Inmates who are in transit are not a protected class and plaintiff makes not showing that he belongs to any protected class. The undersigned recommends granting defendants' motion to dismiss this claim and recommends finding the claim frivolous.

    4.      Personal participation.

Plaintiff names a custody unit supervisor and the superintendent of the prison as defendants (Dkt. 5). Plaintiff argues that his request for paper was "denied pursuant to policy authorized by the defendants." (Dkt. 13, p. 6). Defendants' response shows that information how to request materials by filling out a request slip was in the innate handbook (Dkt. 11-1, p. 3).

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of *respondeat superior* is not sufficient to state a claim under § 1983. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff must allege facts showing how defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege that defendant's own conduct violated plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff has failed to plead facts showing how defendants' actions harmed him. Defendants had a policy that allowed plaintiff to request supplies by filing a request slip. Plaintiff did not follow defendants' policy. Plaintiff fails to plead facts showing personal participation in any action that deprived plaintiff of a constitutional right. The undersigned recommends dismissal of plaintiff's complaint and giving plaintiff a strike for failure to state a claim and because this action is frivolous.

5. Screening.

Plaintiff argues that the court already screened his action and it therefore cannot be frivolous (Dkt. 13). Screening pursuant to 28 U.S.C. §1915A is exactly what the term implies, an initial screening that assumes all factual allegations true. The Court could not consider qualified immunity at the initial screening stage because it is an affirmative defense the defendants must raise. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (*citing Gomez v. Toledo*, 446 U.S. 635 (1980)).

Further, the exhibits to the motion to dismiss that defendants have properly placed before the Court show that at the time plaintiff filed this action plaintiff had been told what steps he needed to take in order to obtain paper. The level 1 grievance response shows that the information that is in the inmate handbook would have told plaintiff to fill out a request slip (Dkt. 11-1). Plaintiff's statement in the complaint that defendants are "directly responsible for violating his First Amendment constitutional rights by failing to authorize staff to issue writing materials to prisoners who request such supplies" ignores the information plaintiff obtained through the grievance system before he filed this action (Dkt. 5, p. 4, ¶ 12).

28 U.S.C. § 1915 (e)(2)(B) gives a court the authority and in fact mandates a court to dismiss an in forma pauperis action at any time if the court determines that the action is

REPORT AND RECOMMENDATION - 11

1  frivolous, malicious, fails to state a claim, or seeks monetary damages from a defendant who is
2  immune from such relief.

3        Review of plaintiff's litigation shows that this action is an extension of a number of small
4  claims he has filed over a three month time period that are frivolous and malicious.  Plaintiff
5  filed this action after he arrived at the Washington State Penitentiary.  Plaintiff was not in transit
6  when he filed the action.  Therefore, his claim for injunctive relief does not state a live case and
7  controversy.  Further, plaintiff failed to plead sufficient facts to allege any actual injury to
8  litigation and his access to courts claim fails as a matter of law.  Defendants have raised the
9  affirmative defense of qualified immunity regarding any possible First Amendment claim for not
10 supplying writing paper for personal use.  The law is not clearly established and defendants are
11 entitled to immunity from suit.  Further, the Court is aware of no authority for the proposition
12 that an inmate must be given paper to writ home when he requests it or that an inability to get
13 paper for non-legal reasons for a short period of time is a violation of any constitutional right.
14 The undersigned recommends dismissal of this action with the dismissal counting as a strike.

15       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
16 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
17 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo
18 review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit
19 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July
20 11, 2014, as noted in the caption.

21       Dated this 20th day of June, 2014.

J. Richard Creatura
United States Magistrate Judge